UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEFFREY L. HARDIE,

                     Plaintiff,

    v.

CLAUDIA BUCCULDI, et al.,

                     Defendants.

Case No. C15-466 JLR-BAT

**REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Jeffrey L. Hardie filed a proposed 42 U.S.C. § 1983 complaint against Defendants Claudia Bucculdi and John Doe Corrections Officers alleging that when he was booked into the King County Jail on January 1, 2012, he was denied his medication and was instead given a "taper off anxiety" medication. Dkt. 1-1, at 3. He alleges that he received no follow-up medical care after he suffered a seizure and injured himself when he fell from his bunk. He names Claudia Bucculdi as superintendent of the King County Jail and "On duty corrections officers on Duty 4N 1-17-12 King County Jail." *Id.* His motion for leave to proceed *in forma pauperis* is pending. Dkt. 1.

This is Mr. Hardie's second complaint regarding these same allegations. His first complaint was filed in March 2013 in *Jeffery Hardie v. Claudia Balducci and King County Jail On Duty Correction Officers 2nd Shift,* Case No. C13-447-MJP-MAT. On August 5, 2013, Mr.

REPORT AND RECOMMENDATION - 1

Hardie's complaint in Case No. C13-447-MJP-MAT was dismissed *with* prejudice and the dismissal was counted as a "strike" under 28 U.S.C. § 1915(g). *See* Dkts. 8, 9, and 10 in Case No. C13-447-MJP-MAT.

The Court declined to serve Mr. Hardie's complaint in this case and ordered him to show cause why the complaint should not be dismissed as duplicative of his complaint in Case No. C13-447-MJP-MAT and counted as a second "strike" under 28 U.S.C. § 1915(g). Dkt. 4. Mr. Hardie filed a letter and response to order to show cause and a second IFP application. Dkts. 5-7. Mr. Hardie does not respond to the Court's Order in any meaningful way. Instead, he merely restates his belief that Superintendent Buccaldi is liable because she is the superintendent of the King County Jail and that his constitutional rights were violated in January 2012 when he was placed in an upper bunk and thereafter injured himself when he had a seizure and fell out of his bunk. *See e.g.,* Dkt. 6, pp. 2.

The Court recommends that this action be dismissed without leave to amend because Mr. Hardie's claims are not cognizable under 42 U.S.C. 1983 and any further amendment would be futile. The Court further recommends that the dismissal be counted as a strike under 28 U.S.C. § 1915(g) and that all pending motions should be denied as moot.

## DISCUSSION

An inmate such as plaintiff may bring an action for violation of his constitutional rights under 42 U.S.C. § 1983 if he can show that (1) a state actor (2) violated his constitutional rights. *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). However, based on the facts alleged in his complaint, Mr. Hardie fails to state a viable claim for relief under § 1983.

As noted above, Mr. Hardie previously brought these same claims in this Court and those claims were dismissed with prejudice on August 5, 2013. Dkts. 9 and 10 in Case No. C13-447

MJP-MAT.  In that case, Mr. Hardie failed to set forth facts demonstrating how the one identified defendant - Claudia Balducci – personally participated in causing him harm of constitutional dimension.  Instead, he requested her inclusion in the lawsuit because the unidentified correction officers are "under [her] employ[.]"  (Dkt. 1-2 at 5.)  In denying service, the Court advised Mr. Hardie that unless he could identify conduct on the part of Balducci that would subject her to suit under § 1983, he could not sue her.  The Court also advised Mr. Hardie that he was obligated to provide the names and addresses of defendants and, without that information, service could not be effectuated.  The Court further advised Mr. Hardie that it would permit the use of John Doe defendants until Mr. Hardie had an opportunity through discovery to identify the unknown correctional officers but that the case could not proceed without a viable defendant and that he intended to proceed, he must provide further information regarding the specific John Doe defendants named.  Dkt. 5.  Although he was granted an opportunity to file an amended complaint, Mr. Hardie failed to do so and the Court dismissed his complaint with prejudice.  Dkts. 8-10.

In this case, Mr. Hardie filed a complaint that suffers from the same deficiencies as the complaint that was dismissed with prejudice in Case No. C13-477-MJP-MAT.   It should be dismissed with prejudice and the dismissal counted as a second strike under 28 U.S.C. § 1915(g).

**CONCLUSION**

Where a pro se litigant's complaint fails to state a claim upon which relief can be granted, the Court generally grants him the opportunity to amend the complaint.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id*.  Mr. Hardie has filed a second complaint that suffers from the same deficiencies as the complaint that was

1  previously dismissed with prejudice.  Accordingly, the Court concludes that it is not required to

2  grant him further leave to amend.

3  For the reasons discussed above, the Court recommends that Plaintiff's § 1983 action

4  be **DISMISSED with prejudice, the dismissal counted as a strike under 28 U.S.C. 1915(g),**

5  **and all pending motions denied.**  A proposed order accompanies this Report and

6  Recommendation.  Any objections to this Recommendation must be filed and served upon the

7  Court no later than **Monday, May 11, 2015.**  The Clerk should note the matter for **Wednesday,**

8  **May 13, 2015**, as ready for the District Judge's consideration if no objection is filed.  If Plaintiff

9  files an objection, he must note the matter for the Court's consideration 14 days from the date the

10  objection is filed and served.  Objections shall not exceed seven (7) pages.  The failure to timely

11  object may affect the right to appeal.

12  DATED this  21st  day of April, 2015.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4